■ Rego Park Garden Associates, Inc., Respondent, v Elite General Contracting Corp., Appellant.—Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered March 5, 1987, which granted plaintiff-respondent's motion to stay arbitration to the extent of referring to a Special Referee, to hear and report with recommendations, the issues of whether plaintiff had failed to timely object to the demand for arbitration and whether the contract had been terminated, unanimously reversed, on the law, with costs, and plaintiff-respondent's motion is denied.

Although plaintiff's motion to stay arbitration was timely in light of defendant's failure to include in its demand for arbitration a notice that the party served must move for a stay of arbitration within 20 days, as required by CPLR 7503 (c), such motion must be denied on its merits.

The parties having agreed that "[a]ll claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof shall be decided by arbitration", the issue of the contract's "termination" was clearly within the scope of the arbitration clause, and the questions of whether it covers the present dispute, as well as the merits of the dispute, are issues for the arbitrator to decide. *(Brown v V&R Adv.,* 112 AD2d 856, 861, *affd* 67 NY2d 772.) Concur—Kupferman, J. P., Carro, Kassal and Rosenberger, JJ.